UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICO RAMON YOUNGBLOOD,<br><br>Plaintiff,<br><br>v.<br><br>MEDEIROS, et al.,<br><br>Defendants. | Case No. 16-06493 EJD (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officials at the Sonoma County Sheriff's Department ("SCSD"). After an initial review, the Court found the complaint stated a cognizable claim and ordered the matter served on Defendants; Plaintiff's claim challenging the lawfulness and validity of his current confinement was dismissed to filing in a habeas action. (Docket No. 8.) After Defendants were served but before they filed an answer, Plaintiff filed an amended complaint on February 9, 2017. (Docket No. 16.) On March 22, 2017, the Court vacated the briefing schedule, stating that a new schedule would be set after a review of the amended complaint. (Docket No. 23.) The matter was reassigned to this Court on April 5, 2017, after a party declined magistrate jurisdiction. (Docket No. 25.)

The amended complaint is now before this Court for an initial review.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

An amended complaint supersedes the original, the latter being treated thereafter as non-existent. Ramirez v. Cty. Of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). Accordingly, any claims from the original complaint not included in the amended complaint are no longer part of this action.

Plaintiff claims that on April 6, 2016, he was arrested and placed directly into the Sonoma County Jails Administrative Segregation Unit ("ad-seg"). (Am. Compl. at 4.) He claims that on the same day, he wrote an inmate request form to mental health expressing how "he had been off of his meds and that he was suffering severe anxiety, panic attacks, and depression." (Id.) Plaintiff wrote several follow-up requests from May 2016 through September 2016, requesting removal from ad-seg and request for help with his mental health issues. (Id. at 5-8.) Plaintiff also submitted grievances regarding these issues. (Id.

2

at 9.) Plaintiff claims that Defendants were "deliberately indifferent to his serious medical/mental health needs which exposed [him] to unsafe conditions resulting in serious irrep[a]rable harm." (Id. at 13.) Liberally construed, Plaintiff's claims are cognizable as a violation of his rights under the Eighth Amendment. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); see also Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements).

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The Court notes that the named Defendants in the amended complaint are the same Defendants who have already been served in this action. Accordingly, the Clerk of the Court shall mail a copy of the amended complaint, (Docket No. 16), all attachments thereto, and a copy of this order upon **Defendants' counsel.** The Clerk shall also mail a copy of this Order to Plaintiff.

2. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See**

3

**Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

///

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** 5/16/2017

_____
EDWARD J. DAVILA
United States District Judge

Order of Service
PRO-SE\EJD\CR.16\06493Youngblood_svc

5